70 F.3d 1281
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darlington Edo IDIADO, Defendant-Appellant.
 No. 94-16938.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 20, 1995.*
Decided Nov. 24, 1995.
 
 Before: PREGERSON, NORRIS, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Darlington Idiado appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion. Idiado's appeal raises two claims which were rejected by the district court: 1) that the initial stop by customs agents and the referral to secondary inspection were not based upon reasonable suspicion; and 2) that the district court erred in failing to treat Idiado as a minor participant. Furthermore, Idiado's appeal raises two claims which he unsuccessfully attempted to raise before the district court:[1] 3) that the district court failed to determine the exact quantity of heroin that could have been reasonably foreseeable to Idiado; and 4) that Idiado was denied the effective assistance of counsel. Additionally, Idiado claims that the district court erred by deviating from the Presentence report's recommended sentencing range and sentencing him to the mandatory minimum sentence of 120 months.
 
 
 3
 We have jurisdiction under 28 U.S.C. Sec. 1291, and we review de novo. See Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994). As to claims one through four, we affirm for the reasons set forth in the district court's order, which fully and fairly addressed these claims. We note that the district court incorrectly stated the law in its analysis of Idiado's claim that he was initially stopped because of his ethnicity. We note that neither United States v. Martinez-Fuerte, 428 U.S. 543, 563-64 (1975) nor United States v. Montoya de Hernandez, 473 U.S. 531, 541 (1985) authorizes the detention of a traveler at the border for suspected contraband smuggling based solely on the traveler's ethnicity. However, because Idiado has not raised this claim on appeal, we need not address it. Additionally, because the claim that the district court erred by departing from the PSR's recommended sentencing range was not raised in Idiado's Sec. 2255 petition to the district court, it may not be raised for the first time here. See United States v. Keller, 902 F.2d 1391, 1395 (9th Cir.1990).
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Idiado raised such claims for the first time in his reply brief, the claims were dismissed by the district court without prejudice